UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SUSAN BAISDEN,

    Plaintiff,

v.                                Civil Action no. 2:17-cv-3965

BOONE COUNTY ASSESSOR'S OFFICE,
and SCOTTY D. COOK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court plaintiff's Motion to Remand the case filed October 2, 2017. Plaintiff further requests an award of attorney's fees and costs associated with the remand.

### I. Remand

This case was originally filed in the Circuit Court for Boone County, West Virginia, on August 18, 2017. Defendants made a timely removal to this court by notice on September 11, 2017. This removal was made pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants represented that plaintiff's complaint included claims for "wrongful termination

1

for political purposes, violation of her First and Fourteenth Amendment rights, and failure to pay timely wages in violation of the West Virginia Wage Payment and Collection Act." Therefore, defendants argue, removal is proper because the action "arises under the laws of the United States, i.e., the United States Constitution, 42 U.S.C. [§] 1983, and [the claims] are not claims that have been made nonremovable by statute."

Plaintiff's motion maintains that removal of this action was improper because the complaint asserts no claim under the Constitution. Plaintiff's complaint brings two counts: (I) wrongful termination in violation of the public policy of West Virginia and (II) violation of the West Virginia Wage Payment and Collection Act. While the factual background of the complaint states that plaintiff's termination was "politically motivated and violated plaintiff's First and Fourteenth Amendment Rights," Count I asserts that "defendants violated the public policy of the State of West Virginia as established by the United States Constitution . . . ."

At issue for remand is whether Count I of the complaint "aris[es] under the Constitution" for purposes of 28 U.S.C. § 1331. Though the parties offer differing analysis,

both plaintiff's motion and defendants' response[1] agree that remand is appropriate in this action for lack of a federal question.

Plaintiff states that Count I is brought pursuant to Harless v. First Nat. Bank in Fairmont, 162 W. Va. 116 (1978), which held that an employer's right to discharge an at will employee is "tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." Id. at 124. The sources of West Virginia public policy can include "our federal and state constitutions, our public statutes, our judicial decisions, the applicable principles of common law, [and] the acknowledged prevailing concepts of the federal and state governments relating to and affecting the safety, health, morals and general welfare of the people." Brown v. Genesis Healthcare Corp., 228 W. Va. 646, 684 (2011) (citing Cordle v. General High Mercer Corp., 174 W. Va. 321, 325 (1984)). As such, in Adkins v. Miller, 187 W. Va. 774 (1992), the Supreme Court of Appeals of West Virginia held that the First Amendment to the United States Constitution and article III, section 7 of

---

[1] Plaintiff's counsel advised the court by telephone that Ms. Baisden would not be filing a Reply to defendants' response on this motion.

the West Virginia Constitution "extend a protection to governmental employees to be free from employment decisions made solely for political reasons." Id. at 780. Therefore, the Supreme Court of Appeals of West Virginia concluded that W. Va. Code § 7-7-7(h), which allows county officials to discharge their employees, may not be interpreted as permitting a governmental employer to make employment decisions based solely upon political reasons, unless employees hold certain types of positions. Id. Plaintiff contends the reference to the United States Constitution in her complaint simply sets forth one of the bases for the West Virginia public policy, and that this does not invoke federal jurisdiction. See Davis v. Cabela's, Inc., No. 5:07CV88, 2008 U.S. Dist. LEXIS 4081 (N.D.W.V. Jan. 18, 2008) ("[I]t is the role of the West Virginia courts to determine whether [a claim for wrongful discharge based on employee's exercise of personal or family leave] falls within the contours of a clearly recognizable public policy . . . .").

Defendants disagree with plaintiff's analysis, but concede that remand is proper where, as here, a plaintiff's particular claim can be resolved on theories of state law without proving a theory of federal law, the claim "does not necessarily depend on a question of federal law," and "does not 'arise under' federal law for purposes of § 1331." Dixon v.

4

Coburg Dairy, Inc., 369 F.3d 811, 817-18 (4th Cir. 2004) ("[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not arise under federal law for purposes of § 1331.").

The court agrees with the parties' conclusion that it does not have subject matter jurisdiction over this controversy.

## II. Attorney's Fees and Costs

Plaintiff requests the award of fees and costs associated with this motion under 28 U.S.C. § 1447(c), which states in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiff asserts there was no objectively reasonable basis for removal because using federal law to establish a violation of the public policy of West Virginia does not invoke federal jurisdiction. A series of unreported cases from the West Virginia district courts support this notion. See Davis v.

5

Cabela's, Inc., No. 5:07CV88, 2008 U.S. Dist. LEXIS 4081 (N.D.W.V. Jan. 18, 2008); Groves v. Superior Well Servs., No. 1:10CV149, 2010 U.S. Dist. LEXIS 135163 (N.D.W.V. Dec. 21, 2010); Slack v. Charleston Area Med. Ctr., Inc., No. 2:14-cv-27055, 2015 U.S. Dist. LEXIS 72138 (S.D.W.V. June 4, 2015). Plaintiff disclosed these cases to defendants' counsel prior to filing this motion and requested a voluntary remand.

Defendants argue that the complaint's express references to the Constitution made it objectively reasonable for them to believe the cause of action "depend[ed] on a resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (1996). Indeed, the complaint alleges that plaintiff's termination was "politically motivated and violated plaintiff's First and Fourteenth Amendment rights," but it is now clear that she is not asserting a separate cause of action on that ground. Accordingly, defendants ultimately came to agree that remand is proper in this case because Count I of plaintiff's complaint "does not exclusively rely on a federal question." Defs.' Resp. Pls.' Mot. Dismiss at 3 (citing Dixon, 369 F.3d at 817).

In this case, the court finds that the defendants were objectively reasonable in their removal of this action, notwithstanding their later acceptance of the remand.

III. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's motion to remand be, and it hereby is, granted to the extent that the case shall be remanded to the Circuit Court of Boone County, West Virginia.  It is further ORDERED that plaintiff's motion be, and it hereby is, denied as to the request for fees and costs associated with this remand.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED: October 26, 2017

John T. Copenhaver, Jr.
United States District Judge